RECEIVED
IN ALEXANDRIA, LA.
JAN 1 4 2010
TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHUA L. LIPSCOMB | CIVIL ACTION NO. 09-cv-511; SEC.P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| J LEVY DABADIE CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is complaint filed by Plaintiff Joshua L. Lipscomb, an inmate in the custody of the Louisiana Department of Public Safety and Corrections who is incarcerated at the Concordia Parish Correctional Facility in Ferriday, Louisiana. At the time of filing suit, Plaintiff was incarcerated at the J. Levy Dabadie Correctional Center (JLDCC) in Pineville, Louisiana. Plaintiff complains that the defendants are liable for the loss of 68% of Plaintiff's vision in his right eye. Plaintiff names as defendants the JLDCC, Warden Keith Deville, and Nurse Meshoo.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action sua sponte, without motion

by a defendant. <u>Link v. Wabash R.R.Co.</u>, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988).

Plaintiff was ordered to amend his complaint on September 23, 2009. [Doc. #7] Plaintiff's amended complaint was due by October 26, 2009. Because Plaintiff has not responded to the Court's Order, and because the time for filing Plaintiff's response has long expired, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 13th day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE